GREEN, J.
I concur in affirming the judgment upon the demurrer upon the defect of the counts in question, in stating the character of the assumpsit by the executor of Harrison. Upon the general question, whether in an action against an administrator de bonis non for a debt originally due by the decedent, the plaintiff can avail himself to any purpose of the assumpsit of the executor or former administrator, I refrain from giving any opinion, having formed no decided one, as the question does not arise in the cause. My impression is, however, that he cannot: and that there is a difference in principle, between the case of a suit by an administrator de bonis non and that of a suit against him, and between the effect of an assumpsit by a debtor of the decedent, made to the former administrator, and an assumpsit by a former administrator to a creditor of Ihe estate.
BROOKE, P.,
said, his impressions upon the general ‘question which had been discussed, concurred with the opinion of Judge Cabell upon it; but it was not*necessary to decide it; since, upon the other point, the fatal defect of the particular counts ip question, the judgment must be affirmed.

Equity Jurisdiction — Determination of Property Rights. — In Bush v. Martins, 7 Leigh 320, it was held that a party in possession of slaves, and claiming them by the former owner’s absolute gift in his lifetime, cannot come into equity to be quieted in his title against the donor’s executory legatee, to whom the slaves are bequeathed in the event of the claim ant’s death without leaving issue. Carr. J., in delivering, the opinion of the court, said; ‘ T think there can be no sound distinction taken between this case and that of Randolph v. Randolph. The principle there decided, is, that the court has no jurisdiction to call before it a remainderman whose right may never come in esse, at the instance of a person in possession, and claiming a right adverse to his.”- Tucker, P„ in his concurring opinion, said: “The case of Randolph v. Randolph is, I think, conclusive of this; and it was decided, not only upon express authority, but in strict conformity with the general principles of the court of chancery, which disclaims any interference with legal titles. In this case, though the interest of the remaindermen is but contingent, yet their title, such as it is, is a legal title, and cannot be drawn in question in equity. The decision of that court upon the naked question of title, in a case where there is not, and never may be, a subsisting dispute with respect to the right of property, would indeed be an anomaly.”
See further, monographic note on Jurisdiction” appended to Phippen v. Durham, 8 Gratt. 457.